UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 99-41194
Summary Calendar

_____

GLORIA VASQUEZ; JUAN ALBERTO GONZALEZ, JR.,

Plaintiffs-Appellants,

versus

ALBERTO MACIAS; ET AL.,

Defendants,

ALBERTO MACIAS; CITY OF LAREDO,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Southern District of Texas
(L-97-CV-117)
_____
July 5, 2000

Before SMITH, BARKSDALE, and PARKER, Circuit Judges.

PER CURIAM:[*]

At issue is a summary judgment dismissing Plaintiffs' 42
U.S.C. § 1983 claim that the City of Laredo was deliberately
indifferent to their constitutional rights through its failure to
require accountability of traffic citations. Appellants claim
further that this failure caused police officer Alberto Macias to
violate Gloria Vasquez's constitutional rights when he sexually
assaulted her in exchange for destroying traffic citations he
issued her.

_____

[*]Pursuant to 5TH CIR. R. 47.5, the Court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

To establish municipal liability under § 1983, a plaintiff must demonstrate that an official municipal policy or custom caused the constitutional violation. *See* **Monell v. Department of Soc. Servs. of N.Y.**, 436 U.S. 658, 690-91 (1978). When a plaintiff asserts that an inadequate, but constitutional, policy has caused the constitutional violation, the requisite degree of culpability that must be shown is deliberate indifference to its possible unconstitutional consequences. **Gonzalez v. Ysleta Indep. Sch. Dist.**, 996 F.2d 745, 759 (5th Cir. 1993). Deliberate indifference requires the municipal actor to have disregarded a known or obvious consequence of its action. *See* **Board of County Comm'rs of Bryan County, Okla. v. Brown**, 520 U.S. 397, 407 (1997).

Plaintiffs contend: the City had a regulation requiring its police officers to account for the traffic citations they issued; the City's custom was *not* to enforce this regulation; and its failure to do so resulted in the violation of Vasquez's constitutional rights.

Assuming, without deciding, that the City had an inadequate custom and policy of accountability for traffic citations, "proof of an inadequate policy, without more, is insufficient to meet the threshold requirements of § 1983". **Gonzalez**, 996 F.2d at 757. A showing that the inadequate policy was enacted or made with deliberate indifference to its possible unconstitutional consequences is also required. **Id.** at 759.

Plaintiff's summary judgment evidence was insufficient to create a genuine issue of material fact about whether the City was

deliberately indifferent.  The language of the City's regulation does *not* support plaintiffs' contention that the obvious consequence of *not* enforcing it was the deprivation of constitutional rights.

Plaintiffs cite *no* authority that the mere existence of the regulation means that its enforcement is constitutionally required.

The affidavit submitted Plaintiffs' expert is conclusional and does *not* support their assertion that it would have been obvious that the likely consequence of failing to account adequately for citations was sexual assault by its police officers.

The prior incident involving Police Officer Luna was insufficient to create a genuine issue of deliberate indifference on the part of the City, because there must be evidence of at least "a pattern of similar incidents in which citizens were injured or endangered by intentional or negligent police misconduct and/or that serious incompetence or misbehavior was general or widespread throughout the police force". *Languirand v. Hayden*, 717 F.2d 220, 227-28 (5th Cir. 1983).  *See also* *Snyder v. Trepagnier*, 142 F.3d 791, 798 (5th Cir. 1998).

*AFFIRMED*